SIMEK *v*. LODGE NO. 86 OF THE BOHEMIAN SLAVONIAN BENEVOLENT SOCIETY OF THE UNITED STATES.

1. BENEFIT SOCIETIES—BY-LAWS—EXPULSION OF MEMBERS.

   The by-laws of a benefit society provided that fines imposed on members should be added to the dues, that members should be notified of arrearages, and that "the expulsion of a member shall take place for the following offenses: (*a*) A member who has not paid all of his dues and fines at the monthly meeting." A fine having been imposed on a member, it was added to his dues, and, not being paid after notice, he was expelled. *Held*, that the expulsion was valid.

2. SAME—FINES—RATIFICATION OF PRESIDENT'S ACT.

   The question whether a benefit society ratified the action of its president in imposing a fine upon a member becomes immaterial if an order of expulsion for nonpayment of the fine is so ratified.

3. SAME—NOTICE OF EXPULSION—WAIVER.

   A member of a benefit society waives the requirement of the by-laws that a notice of expulsion shall be sent by registered letter, where he receives an unregistered letter, and acts upon it by appealing to the grand lodge from the order of expulsion made by the subordinate lodge.

*Certiorari* to. Wayne; Donovan, J.    Submitted June 28, 1898.    Decided July 18, 1898.

*Mandamus* by John Simek to compel Lodge No. 86 of the Bohemian Slavonian Benevolent Society of the United States to restore relator to membership in the society. From an order granting the writ, respondent brings *certiorari*.    Reversed.

*Henry N. Brevoort*, for relator.

*William B. Jackson*, for respondent.

LONG, J.    At a regular meeting of the respondent lodge,
118 MICH.—6.

June 5, 1897, the relator was fined the sum of one dollar by the president of the lodge for not obeying the call to order then and there made by the president in the presence of the members of the lodge, which the respondent now claims was lawfully imposed in accordance with, and by virtue of, the constitution and by-laws then in force in that order. The relator having refused to pay such fine, the same was added to his dues and assessments. Having thereupon refused to pay his dues and assessments by reason of said fine having been added, he was expelled from the lodge. Relator then appealed from such order expelling him to the grand lodge, where the action of lodge No. 86 was affirmed. It is claimed by respondent that this was the tribunal of ultimate appeal.

Relator filed his petition in the Wayne circuit court for a *mandamus* to compel the respondent to reinstate him in the lodge. Respondent answered the order to show cause. The issues raised by the petition and answer came on to be heard before Judge Donovan in the Wayne circuit court. Respondent introduced in evidence the constitution and by-laws of the order, the records of the lodge relating to the imposing of the fine and expulsion of relator, the record of the appeal, and the action of the grand lodge. Testimony was also taken in the cause by relator and respondent. March 26, 1898, the court granted the *mandamus*. The case is now brought into this court by writ of *certiorari*.

Section 2, art. 7, of the constitution provides:

"The fines and reprimands by the president shall be determined by the by-laws of the subordinate lodges."

Section 4, art. 7, provides:

"The expulsion of a member shall take place for the following offenses: (*a*) A member who has not paid all of his dues and fines at the monthly meeting.   *   *   *"

Section 4 also provides that a member—

"Shall be notified of his arrearage by the financial secretary, and if, after such notice, he fails to pay his in-

debtedness at the following monthly meeting, he is expelled."

Section 5, art. 7, provides:

"All fines imposed upon members shall be recorded in a special book, and, if not revoked, shall be added to the dues of such members."

It appeared on the hearing of the cause in the court below that the by-laws of the lodge were printed in the Bohemian language, and a translation made, which appears in the record before us. Such by-laws provide, substantially, that any member of the lodge shall be liable to a fine of one dollar, "who, during the meetings, does not preserve order, or who does not obey the warning of the chairman." The record of the meeting shows that a fine of one dollar was imposed upon the relator for disobeying the chairman when called to order. It was shown that he did not pay his fine. It therefore appears from the record that the relator was lawfully fined one dollar, which he refused to pay. This fine was added to his dues, after having been duly recorded in the special book, as required by section 5, art. 7, of the constitution, and the fine has never been revoked. Relator was notified of the amount due the lodge for the fine and dues, as required by subsection *a*, § 4, art. 7, of the constitution. This notice was in writing, and it was shown that it was received by relator, and at the following monthly meeting he was expelled.

The court below seems to have had some doubt as to the explicitness of subsection *a*, § 4, art. 7, of the constitution, in providing under what circumstances a member should be expelled from the order. We think the fair interpretation of this section is that the member shall be expelled from the lodge and the order for the offenses enumerated in the by-laws, and the relator was found guilty of the violation of the by-law above set forth.

Counsel for relator contends that the action of the president was not ratified by the lodge. The order of expul-

sion was, however, ratified. The record of the meeting of July 31, 1897, shows that the expulsion was ratified.

It is also contended that the notice of expulsion sent to relator was not sent as the by-laws require; that is, by registered letter. The letter was, however, received and acted upon by the relator. He appealed to the grand lodge after the notice was received by him.

We are satisfied that the president acted within the power conferred by the by-laws, and that it was the duty of the relator to pay his fine, if he desired to retain his standing in the lodge.

One other point is suggested, and that is that the relator tendered the money, including the fine, to the secretary, before the time of expulsion. The record does not show this fact. All that is claimed is that the relator went there, as he claims, to pay the money, but the president would not give him the password, and he therefore could not get into the lodge, and the president told him he was no longer a member.

The order of the circuit court granting the *mandamus* must be reversed, and the *mandamus* denied.

The other Justices concurred.